IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, and MILES MERTENS,

                        ORDER

        Plaintiffs,

                      08-cv-459-bbc

   v.

D & D CONSTRUCTION, LLC,
and DANIEL LAFOND,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund and Miles Mertens have brought this action under the Employment Retirement Income and Security Act of 1974, 29 U.S.C. §§ 1001-1461. On September 16, 2008, defendants D & D Construction, LLC and Daniel LaFond filed a joint answer signed by LaFond, who does not appear to be a licensed attorney. Plaintiffs move to strike that answer as it pertains to defendant D & D Construction, a Wisconsin limited liability company, because a limited liability company cannot be represented by someone who is not a licensed attorney.

1

Under Fed. R. Civ. P. 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." It is well-established that a corporation may appear in the federal courts only through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). This rationale "applies equally to all artificial entities," Rowland, 506 U.S. at 202, including limited liability companies. E.g., United States v. Hagerman, No. 08-2670, slip op. at 4-5 (7th Cir. Sept. 26, 2008); Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007); Kipp v. Royal & Sun Alliance Pers. Ins. Co., 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). Thus D & D Construction's answer has not been properly filed because it is not signed by an attorney.

Kipp, 209 F. Supp. 2d 962, involved a situation similar to this one. After the defendant limited liability company filed an answer that was signed by an individual who was not an attorney, the court decided to treat the answer as unsigned, give the defendant a chance to file another answer signed by counsel and warn the defendant that failure to comply with its order would result in entry of default. Id. at 963. I agree that this is the appropriate course of action. Therefore, I will grant plaintiffs' motion as it pertains to defendant D & D Construction and give that defendant until October 24, 2008 to retain counsel and file a new answer. If defendant D & D Construction does not file an answer

2

signed by counsel by then, I will ask the clerk to enter default against it pursuant to Fed. R. Civ. P. 55(a).  Finally, I note that the answer remains operative as it pertains to defendant LaFond.

ORDER

IT IS ORDERED that:

1.  Plaintiffs' motion to strike is GRANTED and defendants' answer, dkt. #4, is STRICKEN as it pertains to defendant D & D Construction, LLC.  The answer remains operative as it pertains to defendant Daniel LaFond.

2.  Defendant D & D Construction may have until October 24, 2008, in which to file an answer that complies with Fed. R. Civ. P. 11(a).  If defendant D & D Construction fails to file its answer by October 24, 2008, the court may, on its own motion or a motion from plaintiffs, order the clerk of court to enter default against defendant D & D Construction.

Entered this 29th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3